UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No. 10-03893 |
|---|---|
| DANEFORD MICHAEL WRIGHT and ELLAREEN UILANI WRIGHT, | Chapter 13 |
| Debtors. | Re: Docket No. 47 |

**MEMORANDUM OF DECISION CONCERNING
THE DEBTORS' OBJECTION TO CLAIM**

The debtors object to a mortgage claim, contenting that the claimant has not established its standing. I conclude that the creditor has standing to file its proof of claim as a real party in interest because it has physical possession of the note, endorsed in blank.

## BACKGROUND

Factual History

The debtors, Daneford and Ellareen Wright (the "Wrights"), borrowed $748,000.00 from New Century Mortgage Corporation ("New Century"). The Wrights' promise to repay the loan is evidenced by a note, dated December 21, 2005, in favor of New Century. The note is payable to the order of New Century; it is payable at a definite time; and it contains no promises other than those

permitted by Haw. Rev. Stat. § 490:3-104(a)(3).

To secure their obligations under the note, the Wrights executed a mortgage, also dated December 21, 2005, in favor of New Century. The mortgage encumbers property on the island of Maui. The mortgage was duly recorded on December 30, 2005. Paragraph 20 of the mortgage provides that, "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to [the Wrights]."

New Century endorsed the note in blank. The endorsement is not dated. U.S. Bank National Association, as Trustee for The Structured Asset Securities Corporation Mortgage Loan Trust, 2006-NC1 ("U.S. Bank") has physical possession of the note.

The trust, of which U.S. Bank is trustee, is a so-called securitization trust. The trust raised funds from investors, acquired a large number of mortgage obligations, collects payments on the mortgages, and allocates the cash flow to the investors under a complicated scheme. A Trust Agreement[1] and a Mortgage Loan Sale and Servicing Agreement[2] (collectively the "Trust Documents"), each dated

---

[1] Trust Agreement, SECURITIES AND EXCHANGE COMMISSION (Jun. 1, 2006), http://www.sec.gov/Archives/edgar/data/1365185/000116231806000905/exhibit41.htm.

[2] Mortgage Loan Sale and Servicing Agreement, SECURITIES AND EXCHANGE COMMISSION (Jun. 1, 2006), http://www.sec.gov/Archives/edgar/data/1365185/000116231806000905/exhibit991.htm

2

as of June 1, 2006, spell out the rights and obligations of the trustee, the servicer, the investors, and other participants in hundreds of pages of mind-numbing detail.

In order to give the trust the preferred tax status of a real estate mortgage conduit ("REMIC"), the Trust Documents provide for a closing date by which all assets must be transferred into the trust. See I.R.C. § 860G. The closing date for this trust was June 1, 2006.

New Century and its affiliates filed chapter 11 bankruptcy petitions on April 2, 2007. The Wrights have filed an affidavit by the liquidating trustee of the New Century Liquidating Trust attesting that New Century transferred the Wrights' loan to NC Capital Corporation, which sold the loan to Lehman Brothers Bank, FSB on March 22, 2006, and that the loan was "service released" to America's Servicing Company, on June 1, 2006. (Lehman Brothers Holdings Inc., the parent of Lehman Brothers Bank, filed its own chapter 11 petition on September 15, 2008.)

On August 19, 2009, New Century executed an assignment of the mortgage, "together with the promissory note thereby secured," to U.S. Bank. The assignment was recorded on September 2, 2009.

The Wrights defaulted under the terms of the note and U.S. Bank commenced a foreclosure action in state court on December 29, 2009. The

3

U.S. Bankruptcy Court - Hawaii   #10-03893   Dkt # 96   Filed 01/05/12   Page 3 of 10

Wrights filed for bankruptcy protection on December 22, 2010.

Procedural History

On May 31, 2011, the Wrights filed an objection to U.S. Bank's proof of claim. Dkt. no. 47. U.S. Bank timely responded to this objection on July 6, 2011. Dkt. no. 54. The court found that there were factual disputes regarding the loan documents and scheduled a further hearing for August 1, 2011. Dkt. no. 61. At the August 1 hearing, the court directed U.S. Bank to file a declaration summarizing the evidence in support of its claim, and gave the Wrights the opportunity to respond in writing by December 2, 2011. The parties have submitted their papers and the issue is now ready for decision.

## STANDARD

A timely filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a); Garner v. Shier (In re Garner), 246 B.R. 617, 620–21 (B.A.P. 9th Cir. 2000). If a party objects to the claim, the bankruptcy court must determine the amount of the claim as of the date the petition was filed, and "shall allow such claim . . . except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." Id. § 502(b)(1); Heath v. Am. Express Travel Related Serv. Co., Inc. (In re Heath), 331

4

B.R. 424, 432 (B.A.P. 9th Cir. 2005). A proof of claim filed in accordance with the Federal Rules of Bankruptcy Procedure constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). The objecting party bears the burden of persuasion as to the validity of the claim. Litton Loan Servicing v. Garvida (In re Garvida), 347 B.R. 697, 706 (B.A.P. 9th Cir. 2006).

## DISCUSSION

The Wrights contend that U.S. Bank lacks standing to file a proof of claim because it failed to comply with the terms of the Trust Documents. Specifically, the Wrights argue that the assignment of the mortgage into the trust occurred on August 19, 2010, after the cut-off date of June 1, 2006, required by the Trust Documents. As a consequence, the Wrights contend that the transfer is void under New York law, the note and mortgage are not assets of the trust, and U.S. Bank lacks standing to take any action with respect to the note and mortgage. I disagree for the following reasons.

First, U.S. Bank has standing to file its proof of claim because it is the "holder" of the note. Only a "real party in interest" can file a proof of claim. See Fed. R. Civ. P. 17(a)(1); Fed. R. Bankr. P. 7017, 9014(c); see also Veal v. Amer. Home Mtge. Servicing, Inc. (In re Veal), 450 B.R. 897, 907 (B.A.P. 9th Cir. 2011). For a proof of claim based on a mortgage loan, the "real party in interest"

is the party entitled to enforce the note and accompanying mortgage. Under Hawaii law, a "[p]erson entitled to enforce" an instrument includes the "holder" of the instrument. See Haw. Rev. Stat. § 490:3-301. A "holder" includes "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession . . . ." Haw. Rev. Stat. § 490:1-201(b)(1). The Wright's note is a negotiable instrument. See Haw. Rev. Stat. § 490:3-104 (West 2011). The note was endorsed in blank, and U.S. Bank has possession of it. Dkt. no. 80, Decl. Teressa J. Williams, ¶ 3. The Wrights have not provided any evidence to the contrary. U.S. Bank, therefore, has standing to file its proof of claim as holder of the note.

U.S. Bank is a holder even if the note was transferred to the trust after the closing date. A holder is "entitled to enforce the instrument *even though the person is not the owner of the instrument or is in wrongful possession* of the instrument." Haw. Rev. Stat. § 490:3-301 (emphasis added).

Second, even if U.S. Bank were not a holder, the evidence shows that the note was probably timely transferred into the trust. According to New Century's liquidating trustee, New Century transferred the Wrights' note to NC Capital Corporation. On March 22, 2006, NC Capital Corporation sold the note to Lehman Brothers Bank, FSB. Dkt no. 85, Decl. Alan M. Jacobs, ¶ 2. Pursuant to

U.S. Bankruptcy Court - Hawaii   #10-03893   Dkt # 96   Filed 01/05/12   Page 6 of 10

the terms of the Trust Documents, Lehman Brothers Holdings, the parent of Lehman Brothers Bank, FSB,[3] sold the note to Structured Asset Securities Corporation, which in turn transferred the note to U.S. Bank as trustee for the trust. This apparently all occurred on or before the defined closing date of the trust, June 1, 2006. As further corroboration, the liquidation trustee declared that, also on June 1, 2006, the note was "service released" to America's Servicing Company. See dkt. no. 85, Decl. Alan M. Jacobs, ¶ 2. America's Servicing Company is a dba of Wells Fargo, the servicing agent for U.S. Bank. See dkt. no. 80, Decl. Teressa J. Williams, ¶ 2. The chain of documents, though complex, demonstrates that the note was probably timely transferred to trust.

The only evidence relied upon by the Wrights to establish the untimeliness of the transfer into the trust is the assignment of mortgage, dated August 19, 2009. The date of this document is irrelevant, however, because, as a matter of common law, the mortgage was automatically transferred with the underlying note. See In re Veal, 450 B.R at 916 (citing Restatement (Third) of Property (Mortgage) § 5.4 (1997)); see also Carpenter v. Longan, 83 U.S. 271, 274–75 (1872) ("The note and mortgage are inseparable; the former as essential, the latter as an incident. An

---

[3] The record does not explain how or when the note passed from Lehman Brothers Bank, FSB to Lehman Brothers Holdings.

assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity."). U.S. Bank succeeded to the mortgagee's interest automatically as soon as it became entitled to enforce the note. The formal assignment of the mortgage at a later date is surplusage.

Third, even if the trust acquired the note after the closing date contrary to the Trust Documents, the Wrights are not contracting parties or third-party beneficiaries to those documents, and therefore lack standing to raise any potential violations. See Cooper v. Bank of New York Mellon, 2011 WL 5506087 (D. Haw. Oct. 25, 2011), report and recommendations adopted in 2011 WL 5508993 (D. Haw. Nov. 9, 2011); see also Velasco v. Security Nat. Mort. Co., 2011 WL 4899935, at *9 (D. Haw. Oct. 14, 2011) (dismissing breach of contract claim because the plaintiffs failed to allege sufficient facts to demonstrate that they were third-party beneficiaries of the pooling and service agreement and rejecting the plaintiff's conclusory allegation that the benefit they received was a loan that they otherwise would not have qualified for); In re Washington, 2011 WL 6010247, at *5 (Bankr. W.D. Mo. Dec. 1, 2011); In re Smoak, 2011 WL 4502596, at *5 (Bankr. S.D. Ohio Sep. 28, 2011); In re Correia, 452 B.R. 319, 324 (B.A.P. 1st Cir. 2011) (affirming lower court's determination that the debtors lacked standing to raise violations of the pooling and servicing agreement); Livonia Prop.

U.S. Bankruptcy Court - Hawaii   #10-03893   Dkt # 96   Filed 01/05/12   Page 8 of 10

Holdings, LLC v. 12840–12976 Farmington Rd. Holdings, LLC, 717 F.Supp.2d 724, 748 (E.D. Mich. 2010), aff'd 399 Fed. Appx. 97 (6th Cir. 2010) (holding that a plaintiff who was not a party to the pooling and servicing agreement at issue lacked standing to challenge the parties' compliance with the contract).

The Wrights raise two additional arguments that should be addressed. The Wrights contend that the declarations of Teressa J. Williams and Trina M. Glover provided by Wells Fargo in support of its motion are hearsay and not based on personal knowledge. The declarants have testified that they have the requisite personal knowledge. The Wrights' questions about their personal knowledge are purely speculative.

The Wrights also contend that, under New York law, which governs the trust, a trust may not accept property by way of a blank assignment or endorsement. The Wrights' reliance on section 7-2.1(c) of the New York Estates, Powers & Trusts Law, however, is misplaced. The section provides that a trust may acquire property in the name of the trust and, if property is in fact acquired in the name of the trust, can only be conveyed, encumbered, or disposed of in the name of the trust and by an authorized individual. The provision simply allows a trust to acquire property in its name and in no way restricts the means by which a trust may acquire property.

U.S. Bankruptcy Court - Hawaii   #10-03893   Dkt # 96   Filed 01/05/12   Page 9 of 10

A separate order overruling the Wrights' objection to claim will be entered.



/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 01/05/2012

10