UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>DANEFORD MICHAEL WRIGHT and ELLAREEN UILANI WRIGHT,<br><br>Debtors. | Case No. 10-03893<br>Chapter 13<br><br>Re: Docket No. 107 |

**MEMORANDUM OF DECISION ON MOTION
FOR RECONSIDERATION OF ORDER OVERRULING
THE DEBTORS' OBJECTION TO CLAIM**

Mr. and Mrs. Wright, the debtors, ask the court to reconsider its prior decision (docket no. 96) overruling their objection to a mortgage claim. The Wrights argue that the court made seven errors, but they offer no new evidence or arguments.

I conclude that, with one minor exception which does not affect the outcome, my prior decision was correct.

The prior decision says that "U.S. Bank National Association, as Trustee for The Structured Asset Securities Corporation Mortgage Loan Trust, 2006-NC1 ("U.S. Bank") has physical possession of the note." The debtors point out that the creditor's declarations state that the note is in the possession of Wells Fargo Bank, N.A., doing business as Americas Servicing Company, which is the servicing

agent for U.S. Bank. The debtors are correct as a matter of fact, but the difference is not relevant as a matter of law. In order to be a "holder" of a negotiable instrument, a person must be in possession of the instrument. It is a fundamental rule of agency law that possession by an agent is the same as possession by the principal. See, e.g., Buckner v. Western Life Ins. Co., 382 S.W.2d 12, 15 (Mo. App. 1964); Davis v. State, 219 Ga. 398, 133 S.E.2d 329, 334 (Ga. 1963). The common law of agency supplements the Uniform Commercial Code. Haw. Rev. Stat. § 490:1-103(b). Therefore, U.S. Bank is a "holder" of the note because U.S. Bank's agent, Wells Fargo, has physical possession of the note.

In response to my determination that U.S. Bank is a "holder" of the Wrights' note, the Wrights argue that U.S. Bank is not a "holder in due course." Even if this were correct, it would not matter. A "holder" is entitled to enforce a negotiable instrument. Haw. Rev. Stat. § 490:3-301(West 2012). A holder who meets the additional criteria of a "holder in due course" has extra rights; namely, the makers of the instrument cannot assert certain defenses against the holder in due course. Id. §§ 490:3-302, 305(b). But a "holder" who is not a "holder in due course" nevertheless has the right to enforce the instrument. The Wrights have failed to refute U.S. Bank's evidence that it is a "holder" of the Wrights' note.

Most of the Wrights' arguments turn on the timing of the assignments of the

U.S. Bankruptcy Court - Hawaii    #10-03893    Dkt # 109    Filed 01/27/12    Page 2 of 3

their mortgage. These arguments miss the fundamental points, explained in my prior decision, that a holder of the note is automatically entitled to enforce any security for the note, regardless of whether or when the security is separately assigned, and that a holder is entitled to enforce a note even if the holder's possession is wrongful.

The debtors state that the allegedly untimely assignment of their note to the securitization trust prejudiced them. The prejudice that they identify, however, is nothing more than a repetition of their arguments that the assignment was defective. To show that they were "prejudiced" in this sense, the Wrights would have to establish, not just that the assignment was too late, but that they are worse off because the assignment was tardy rather than timely. The Wrights have failed to do this. There is no reason to think that they would be in a better position if the note had been transferred before June 1, 2006, rather than after.

None of the Wrights' other arguments are new or meritorious. There is no reason to repeat my discussion of those points.

Therefore, the motion for reconsideration is DENIED.

/s/ Robert J. Faris
**United States Bankruptcy Judge**
Dated: **01/27/2012**